(59 Misc. Rep. 239.)

## MANN v. GRISWOLD et al.

(City Court of New York, Trial Term. May, 1908.)

1. BROKERS—ACTION FOR COMMISSIONS—ISSUES AND PROOF.

Where a complaint for broker's commissions against two defendants, alleged that they employed him to procure a tenant for certain premises, and that he procured a tenant willing and ready to lease the premises for an agreed period and at an agreed rental, he could not recover on proof that he was employed by one of the defendants to procure a tenant to enter into a lease conditional on a defeasance of a lease made by the other defendant before the consummation of any agreement between the proposed tenant and the defendant who employed the broker.

2. SAME—PERFORMANCE OF CONTRACT.

To entitle a broker employed to procure a tenant for real estate to commissions, he must negotiate an agreement for a lease which his principal can perform.

Action by Samuel Mann against Margaret D. Griswold and another. To recover broker's commissions for leasing real property. Complaint dismissed.

Joseph Gans, for plaintiff.

Griggs, Baldwin & Pierce (Martin Conboy, of counsel), for defendants.

McAVOY, J. Upon the allegations of the complaint that the defendants, Margaret D. Griswold and James R. Griswold, employed the plaintiff to procure a tenant of the premises No. 84 Hester street, New York, of which the defendants were owners under a tenancy upon the part of one of a life estate and the remainder in the other, that the said plaintiff procured a tenant who was willing and ready to enter into an agreement of lease of the premises in question for an agreed period and at an agreed rental, and that the defendants refused to make such a lease with the proposed tenant so produced, the plaintiff seeks a recovery, when his proof is that one of the defendants, to wit, Margaret D. Griswold, now Wise, employed the plaintiff to procure a tenant of the premises and at the time of employment represented and stated to him that her interest in the estate was not complete enough to effectuate a valid lease of the entire freehold, but that her father, the other defendant, was a tenant in common with her of the life estate, and that it would be, of course, necessary to procure his agreement and consent to the proposed new leasehold, that thereafter (it being apparent that the defendant James R. Griswold had entered into a lease of his share of the premises, and had thereby rendered himself

unable to enter into the arrangement regarding the lease of his interest which the defendant Margaret Griswold had attempted) it is claimed that the defendant Margaret D. Griswold continued the negotiations with the plaintiff with a view to having the proposed lessee procured by the plaintiff enter into a lease, conditional, apparently, although such is not proven, upon a defeasance of the leasehold made by the defendant, James R. Griswold, prior to the procuring of the proposed lessee, or at least before the consummation of any agreement with him upon behalf of the defendant Margaret D. Griswold.

I do not think that such a cause of action can be sustained under the pleadings as they stand. If any action lies against Margaret D. Griswold, it is apparently not the one alleged in the complaint as now drawn. The agreement sought to be shown with Margaret D. Griswold is, in effect, a novation; and, even though the person which it is claimed was procured upon her behalf was the same person originally procured to take the lease, that is not showing a cause of action secundum allegata et probata. The view of the court, however, upon the merits is not unsustained by authority. The Court of Appeals in Crombie v. Waldo, 137 N. Y. 129, 32 N. E. 1042, declared that, where real estate brokers were employed by a defendant to procure a lease of certain real estate owned by the defendant, and negotiated an agreement for a lease, the terms of which she could not perform, nor could she enforce it against the other party even though the agreement of lease was actually executed, there was not sufficient to sustain a recovery for commissions. It was said that to earn commissions it was necessary to procure either a valid lease or a valid agreement for a lease. Even, therefore, upon the theory that the defendant Margaret D. Griswold alone is liable for commissions here sought to be charged, and granting that the allegations of the pleadings would sustain a judgment against her for such commissions, upon the merits, it is difficult to see how the plaintiff can recover when it is not shown that either a valid lease was executed or procured through his efforts as the procuring cause or that a valid agreement for a lease which could be carried out was so procured.

The complaint must, therefore, be dismissed as against both defendants.